UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 2:16-CR-27 |
| v. ) | No. 2:20-CV-79 |
| ) | |
| ERIC DILLON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Petitioner Eric Dillon's Motion for the Courts to Take Judicial Notice [DE 83], in which Dillon questions whether the recent Supreme Court case, *United States v. Taylor*, 142 S. Ct. 2015 (June 21, 2022), affects his sentence. For the reasons set forth below, the request to take judicial notice is dismissed for lack of jurisdiction.

### Background

Dillon pleaded guilty without the benefit of a plea agreement on April 14, 2017, to counts One and Three of the indictment. [DE 24, 26.] Count One charged Dillon with Hobbs Act Robbery and Attempted Hobbs Act Robbery under 18 U.S.C. § 1951(a), and Count Three charged that he discharged a firearm during and in relation to the Hobbs Act robbery, causing the death of a person in violation of 18 U.S.C. § 924(j)(1). [DE 1.]

On August 15, 2017, I sentenced Dillon to 240 months on Count One and 270 months on Count Three, to be served consecutively for a total imprisonment of 510 months. [DE 44.] Dillon appealed, and the Seventh Circuit affirmed the conviction and

sentence. [DE 58.]

Dillon filed a motion to vacate under 18 U.S.C. § 2255 on February 24, 2020. [DE 59.] His section 2255 motion was denied on June 26, 2020. [DE 68.] Although Dillon filed an appeal, the Seventh Circuit dismissed it in September 2020 after Dillon failed to pay the required docketing fee. [DE 79.]

On July 11, 2022, Dillon filed the instant motion to take judicial notice and requesting a clarification. By my order, Dillon was appointed counsel July 14, 2022. [DE 84, 85.] The government filed a response to Dillon's motion on August 1, 2022. [DE 84.]

## Discussion

Dillon's motion asks the Court to "take judicial notice of a change in the law," referring to the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022) (holding attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of the statutory definition of crime of violence, as predicate for felony convicted and enhanced sentence for using a firearm in furtherance of a crime of violence). [DE 83 at 1.] And he asks the Court for a "clarification as to its applicability in the case at bar." *Id.*

However, as set forth in the government's response, courts have no power to render advisory opinions as to how cases might affect a certain set of facts, absent a case or controversy properly before the court. In other words, a federal district court's jurisdiction is limited to present cases and controversies. *United States Nat'l Bank of Oregon v. Indep. Ins. Agents of America, Inc.*, 508 U.S. 439, 446 (1993) ("'[t]he exercise of

2

judicial power under Art. III of the Constitution depends on the existence of a case or controversy,' and 'a federal court lacks the power to render advisory opinions'"); *GNB Battery Techs. Inc. v. Gould, Inc.*, 65 F.3d 615, 620 (7th Cir. 1995).

There is no present case or controversy in this case. Dillon's conviction is final, and I already ruled upon and denied his section 2255 petition. His appeal was dismissed. Because there is no pending motion, it would be impermissible to speculate on how the *Taylor* case might affect his sentence.

Section 2255 does permit second or successive motions based on new evidence or new rules of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). However, if Dillon would like to file a second (or successive) section 2255 petition, he must first seek permission from a panel of the appropriate court of appeals, who has to certify that the motion relies on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish that no reasonable factfinder would have found the movant guilty; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* Unless and until Dillon seeks and obtains permission from the court of appeals to file such a motion, this district court is without jurisdiction to entertain a second section 2255. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (only the Seventh Circuit "may authorize the commencement of a second or successive petition."); *United States v. Carraway*, 478 F.3d 845, 849 (2007) ("Unless and until the movant seeks and obtains

permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request.").

Because Dillon has not yet sought permission from the Seventh Circuit to file a second or successive petition, this Court cannot grant any relief.

## Conclusion

For the reasons articulated above, Dillon's Motion for the Court to Take Judicial Notice and Request for Judicial Clarification [DE 83] is DISMISSED FOR LACK OF JURISDICTION.

**SO ORDERED.**

ENTERED: August 30, 2022.

                                         s/ Philip P. Simon
                                         PHILIP P. SIMON, JUDGE
                                         UNITED STATES DISTRICT COURT